## No. 2356.

## VOGEL & ROSS *v.* BALL, HUTCHINGS & CO.

1. FORGED DRAFT.—A draft for one thousand one hundred and fifty dollars on Vogel & Ross, of Galveston, in favor of Heard, Allen & Barnes, bankers, at Cleburne, was indorsed, to Ball, Hutchings & Co., of Galveston for collection, as follows: "Pay Ball, Hutchings & Co., or order. for account of Bank of Cleburne." Signed "Heard, Allen & Barnes." Thus

received, Ball, Hutchings & Co., stamped the word "paid" on the draft, with their signature. In that condition the draft was paid by the drawees named, Vogel & Ross. The draft, which was attached to a bill of lading for thirty-two bales of cotton, was a forgery. In a suit by the drawees against Ball, Hutchings & Co., as indorsers, *held:*

(1) The legal effect of the stamp indorsement of Ball, Hutchings & Co., who were mere agents, was a cancelation of the obligation and a receipt for the money.

(2) They were not indorsers of the paper and were not liable as such.

(3) They were not liable for money had and received on the ground that payment was made to them through mistake.

(4) No personal responsibility was incurred by Ball, Hutchings & Co. in the collection for their principals.

2. Case Distinguished.—This case distinguished from the City Bank v. The National Bank, 45 Texas, 203.

Error from Galveston. Tried below before the Hon. W. H. Stewart.

*Wheeler & Rhodes,* for plaintiffs in error: The instructions of the judge to the jury to find for the defendants, upon conclusion of the evidence, was erroneous, because the facts as proven by both parties entitled the plaintiffs in error to recover the amount sued for in this action. (4 Wait's Actions and Defenses, page 496, and cases there cited as follows: Wilson v. Alexander, 4 Illinois, 392; Terry v. Bissell, 26 Connecticut, 23; Little v. Derby, 7 Michigan, 325; Rick v. Keely, 30 Pennsylvania State, 527; Canal Bank v. Bank of Albany, 1 Hill, 287.) The cases stating the rule where the party paying the draft is guilty of negligence are to be found in 10 Vermont, Bank of St. Albans v. Farmers Bank; Van Duzer v. Howe, 21 New Jersey, 7 Smith, 531; Goddard v. Merchants Bank, 4 New York, 4 Comst., 147; City Bank v. National Bank, 45 Texas, 203; Pollack on Contracts, 397; Story on Contracts, 405, 93; 43 Alabama, 522.

*Ballinger, Mott & Terry,* for defendants in error. The drawee of a draft to which the signature of the drawer has been forged is charged with the knowledge of the signature of the drawer, and can not recover from previous parties on the draft taking it in good faith; cited City Bank v. National Bank, 45 Texas, 203; 3 Burrows, 1355 (Price v. Neal); Bank of United States v. Georgia, 10 Wheaton, 333. See also Robinson v. Reynolds, 2 Queen's Bench, 196, 202; Leather v. Simpson, L. R., 11 Eq., 378; Thiedeman v. Goldschmidt, 1 DeG., F. & J., 4; 1 National Bank of De-

troit v. Burkham and others, 32 Michigan, 328; Young & Son v. Lehman, Darr & Company, 63 Alabama, 519; Stout v. Benoist, 39 Missouri, 277; National Park Bank v. National Bank, 55 Barb., 87; National Bank of Commerce v. National-Mechanics Bank, 55 New York, 211; Bank of Commerce v. Union Bank, 3 New York, 234; Goddard v. Merchants Bank, 4 New York, 149; Espy v. Bank, 18 Wallace, 604, 620.

That the forged draft was accompanied by a forged bill of lading does not affect the rule; citing Colebrook on Collateral Securities, 537; Leathers v. Simpson, Law Review, 11 Equity, 398; Robinson v. Reynolds, 2 Queen's Bench, 196, 202; Theideman v. Goldsmith, 1 De Gex, F. & J., (62 Eng. Ch.) 4; 1 National Bank of Detroit v. Burkham, 32 Michigan, 328; Young v. Lehman, Durr & Company, 63 Alabama, 519.

COLLARD, JUDGE. The court instructed the jury to find for the defendant, and this instruction is assigned as error. A draft for one thousand one hundred and fifty dollars on Vogel & Ross, of Galveston, in favor of Heard, Allen & Barnes, bankers of Cleburne, was endorsed to Ball, Hutchings & Co., bankers of Galveston, for collection as follows:

"Pay Ball, Hutchings & Co., or order, for account of bank of Cleburne.
    (Signed)               HEARD, ALLEN & BARNES."

Ball, Hutchings & Co. stamped in printed letters on the draft, "Paid: Ball, Hutchings & Co."

In this condition the draft was presented to Messrs. Vogel & Ross, and paid by them. The draft, and bill of lading attached for thirty-two bales of cotton, were afterwards discovered to be forgeries, and the drawees sued Ball, Hutchings & Co. as indorsers, and claiming the right to recover of them the amount paid because it was paid by mistake and in ignorance of the fact of forgery.

It is apparent from the indorsements on the draft that Ball, Hutchings & Co. were mere agents for its collection. The legal effect of the indorsements stamped upon it by them was a cancelation of the obligation and a receipt for the money. It was a mere acknowledgment that the draft had been paid to them. They were not endorsers of the paper and could not be held liable as such, and hence it could not be said that the money was

paid to them upon the faith of their indorsement. But would they be liable for money had and received upon the ground that the payment was made to them under mistake? We answer that they would not. If it could be conceded that their principals, Heard, Allen & Barnes, would be liable, Ball, Hutchings & Co. would not be, because it is apparent from the indorsement of the former, who were the payers, that the latter were acting as agents for the collection of the money and were duly authorized to receive it for their principals. There was no concealment of their agency. Vogel & Ross were bound to take notice of the indorsement of the payees, constituting defendants their agents, and were bound to know that there was no personal liability assumed nor undertaken by the agents. There was no personal responsibility incurred by Ball, Hutchings & Co. in the collection for their principals. (Story on Agency, 261, et seq., and references; Sydnor v. Heard, 8 Texas, 99.) This case is different from the case of the City Bank v. National Bank, 45 Texas, 203. In that case the City Bank had indorsed an altered check and assumed the liability of indorser. In this case there is no indorsement at all, but merely a receipt for the money, with the authority to do so for the principals, indorsed on the draft.

We do not intend to intimate that Heard, Allen & Barnes could be made to refund the amount collected for them on the draft. It is not necessary to a decision of this case that we decide the point and we withhold any opinion upon the subject. Ball, Hutchings & Co. were not liable as indorsers and were not required to make further defense after it appeared from the indorsements on the draft that they were acting as agents. We therefore conclude that there was no error in the instruction of the court to the jury to find for defendants.

The judgment should be affirmed.

*Affirmed.*

Opinion adopted January 31, 1888.