FREEMAN *v.* THE SAVANNAH BANK AND TRUST COMPANY.

The payee of a check whose indorsement has been forged thereon has no right of action against the bank upon which it was drawn, for money had and received, because the bank, supposing the indorsement to be genuine, charged the amount of the check to its depositor, the drawer, credited its correspondent from whom the check was received with an equal amount, and afterwards, upon discovery of the forgery, returned the check to its correspondent and made entries in its books equivalent to a cancellation of its former entries. The check was neither paid nor accepted. Bank *v.* Whitman, 94 U. S. 343.                    *Judgment affirmed.*
January 11, 1892.

Banks.   Forged indorsement.   Before Judge HARDEN.
City court of Savannah.   July term, 1891.

An action for money had and received was brought
by Freeman.   The court directed a verdict for the de-
fendant, and afterwards overruled a motion for a new
trial; and the plaintiff excepted.   The facts are as fol-
lows:

In February, 1891, the plaintiff sent a raft of timber
from Wilkinson county to Darien, Georgia, by one Day,
instructing him to sell the timber and bring the plaintiff
a check for the amount due him.   On March 2d, the
defendant received by mail from the Bank of Darien a
check dated at Darien, Georgia, February 27, 1891, for
$278.81, drawn on the defendant in favor of the plain-
tiff by the Hilton & Dodge Lumber Company.   It was
indorsed with the plaintiff's name, and also: "Pay to
the order of Savannah Bank & Trust Company for col-
lection for account of The Darien Bank, Darien, Geor-
gia.   Frank S. Bander, Cashier."   The defendant, hav-
ing funds of the drawer for the purpose of paying its
checks and having no notice of any trouble about the
plaintiff's indorsement, credited the Bank of Darien
and charged the drawer the amount of the check.   On
March 7th, the defendant received from the plaintiff a
telegram describing the check and stating that it had
mysteriously disappeared; also, "Do not pay; wire me
if any one presents it; if so, indorsement forged."   The
defendant sent in reply a telegram stating that the check
had been paid to Darien Bank March 2d.   On May 2d,
the defendant returned the check to the Bank of Da-
rien, charged the amount to that bank and credited the
drawer with the same amount, writing the Bank of Da-
rien, "We have received notice from Mr. Freeman that
the indorsement thereon is a forgery; hence we return
to you and charge your account accordingly."   Before
this suit was brought, there was a demand by the plain-

tiff and a refusal by the defendant to pay; and the plaintiff also offered to indemnify the defendant against any loss ·it might sustain on account of the check if paid to plaintiff. The check was obtained for use in this case from the Darien Bank on *subpœna duces tecum*, and was introduced in evidence. Across its face are the words : "Savannah Bank & Trust Co. Paid March 2, 1891." It showed that it had been stuck on a file.

WM. B. STUBBS, for plaintiff, cited Morse, B. 407, 414, 451, 460, 474a, 499, 507, 511d, 513; 12 S. W. 920; 2 Fed. R. 125; 73 Penn. St. 483; 100 *Id.* 23; 9 N. Y. 466; 17 *Id.* 207; 20 Ohio, 234; 2 Dan. Neg. Inst. 1648; 2 Duer, 121; 71 *Ga.* 33; 15 Cal. 344; 29 Wis. 611; 47 N. W. 632; 33 *Id.* 555; 1 H. Bl. 239; 14 La. An. 481; 78 *Ga.* 228; 79 *Ga.* 816; 81 *Ga.* 597; 74 *Ga.* 150; 73 *Ga.* 385; 69 *Ga.* 195; 65 *Ga.* 277; 37 *Ga.* 424; 7 *Ga.* 195, 688; 1 *Ga.* 141, 305; Code, §2780; 63 Wis. 20, s. c. 53 Am. R. 247; 25 N. E. 416; 2 Wall. 252; 25 Ill. 35; 3 Fed. R. 257; 8 *Id.* 106; Boone, Code Pl. §171.

ERWIN DUBIGNON & CHISHOLM, for defendant, cited 2 Rand. Com. P. §§589, 644; 3 *Id.* §1486; 2 Morse, B. 795; 94 U. S. 343; 59 N. Y. 12; 114 *Id.* 28; 51 *Ga.* 325; 56 *Ga.* 88; 73 *Ga.* 384; 84 *Ga.* 403.; 11 Atl. Rep. 440; 23 N. E. Rep. 900; 7 S. W. Rep. 101.