### 11495. SAVANNAH RIVER SALES COMPANY *v.* FINDLEY.

BROYLES, C. J. Under the facts of the case as disclosed by the record, the court did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 14, 1920.

Complaint; from city court of Brunswick — Judge Butts. March 16, 1920.

Certain lumber of the Savannah River Sales Company, a corporation engaged in the business of selling lumber, was sold to N. W. Findley by C. W. Green, superintendent of the plant of a lumber manufacturing company — the Savannah River Lumber Company — which was supplying lumber to the first-named company, and Findley gave to Green, in payment for the lumber purchased, checks payable to the Savannah River Lumber Company. Neither company received the checks or the proceeds, but the bank upon which the checks were drawn paid them upon Green's unauthorized indorsement of the lumber company's name, and he received the proceeds. The sales company subsequently brought this action against Findley for the alleged value of the lumber obtained by him from Green. The defendant in his answer denied the material allegations of the plaintiff. On the trial the court, at the conclusion of the evidence, directed a verdict for the defendant; to which the plaintiff excepted.

A written agreement between the sales company and the lumber company, introduced in evidence, provides that all lumber manufactured or purchased by the lumber company shall be purchased by the sales company, and the title to all such lumber shall pass to the sales company without further formality immediately when manufactured or purchased by the lumber company; and that where such lumber is not delivered upon the premises leased to the sales company by the lumber company for that purpose, and remains in the physical possession of the lumber company for further work on it, the lumber company shall hold it as agent for the sales company. I. H. Fetty testified: "I am president of the Savannah River Lumber Company and am also president of the Savannah River Sales Company. . . I employed C. W. Green as superintendent of the Savannah Lumber Company's plant at Brunswick, and the agreement of that employment was verbal. C. W. Green was employed as superintendent in charge of . . and operating the property," and "had no authority whatever with reference to indorsing the name of the Savannah River Sales Company or the name of the Savannah River Lumber Company on any checks made payable to either of those companies," and "no authority to receive checks as superintendent. I presume if he sold

lumber in the yard to a man and the man said, 'Here's a check payable to the Savannah River Sales Company,' he would have the right to take the check and turn it over to the cashier, the sales company's agent, and deliver to him. . . At each of our operating plants we have an agent whose duty it is to handle all money or checks and other cash that passes through the office, and no one else has any authority to handle the funds." It was testified, that the defendant admitted that he got the lumber from C. W. Green and admitted that it was of the value of the amounts of the checks mentioned above. H. G. Roberson testified, that he was general auditor of the Savannah River Sales Company and of the Savannah River Lumber Company and that it was a part of the duties of C. W. Green, as superintendent of the Savannah River Lumber Company's plant at Brunswick, to care for the lumber produced by that plant, which was the property of the Savannah River Sales Company; that he did not of his own knowledge know the scope of Green's authority; so far as he knew Green had the general authority given to superintendents of plants of the Savannah River Lumber Company; that the handling of the lumber was governed by the written contract mentioned above; that T. E. Anderson was the joint agent of the two companies at Brunswick, and he was the only person with authority to handle their funds there; that the companies had separate corporate records, but the management of the companies was in the same persons, and all the employees were employed by both companies under one salary; that the only connection Green had with the Savannah River Sales Company was to see that the lumber was manufactured and delivered in a marketable condition, and it was then his duty to take care of it and account for it and dispose of it as instructed by the Savannah River Sales Company; the sales company's sales were "confined to wholesale dealers in the northern markets" and it "only did wholesale and retail business in Brunswick to a limited extent; it was not the company's practice to sell lumber locally, except as an accommodation; . the payments received for lumber sold in Brunswick were turned in to the Savannah River Sales Company and it accepted those payments without question;" there were sales which "were collected for by C. W. Green and turned in to the company," and it "made no objection;" the remittances for these sales "came through the hands of the company's agent and not

from Green; . . as a matter of practice Green, no doubt, frequently actually collected for the sales of lumber at Brunswick locally; at other times, no doubt, he merely notified the agent that the sale had been made, and the agent would collect. I say 'no doubt' because I have no means of knowing who was the first person who received the money from the purchaser;" it was the agent's duty to collect all monies due either of the companies; if Mr. Green elected to personally collect the proceeds of any sale, it was his duty to turn over the proceeds to the joint agent, and if the lumber was paid for by check, it was Mr. Green's duty to turn the check over to the agent, and it was the agent's duty to send the check to Savannah; the Savannah River Sales Company obtained judgment against Green for the amounts of sales made by him, "among which are those of N. W. Findley." No evidence was introduced by the defendant.

*Conyers & Wilcox,* for plaintiff, cited: Civil Code (1910), § 4314; 8 *Ga. App.* 513; 8 *Ga. App.* 714 (3); 14 *Ga. App.* 1; 11 *Ga. App.* 163; 138 *Ga.* 73 (1); 125 *Ga.* 228; 81 *Ga.* 597-601; 88 *Ga.* 252-4; 5 Cyc. 548-8; C. J. 597; 8 *Ga. App.* 182 (3); 134 *Ga.* 366-7; 30 Cyc. 1183.

*F. M. Scarlett Jr.,* for defendant, cited: Civil Code (1910), §§ 4119, 3595; 100 *Ga.* 86; 125 *Ga.* 153; 14 *Ga. App.* 92.