## 11841.　HUTCHESON HARDWARE COMPANY *v.* PLANTERS STATE BANK.

1. While a bank is presumed to know the signature of one of its depositors, and therefore cannot recover from a bona fide holder for value money paid by the bank upon a check to which the drawer's signature was forged, the rule does not apply where the undisputed facts show that the holder of the check, by his negligence, contributed to the success of the fraud practiced on the bank, which was itself free from fault. *Swan-Edwards Co.* v. *Union Savings Bank*, 17 *Ga. App.* 572 (87 S. E. 825); *Woods* v. *Colony Bank*, 114 *Ga.* 683 (40 S. E. 720; 56 L. R. A. 929).

2. Applying this well-recognized rule to the undisputed evidence, the verdict directed for the plaintiff was the only one that could have been legally rendered.

DECIDED FEBRUARY 15, 1921.

Complaint; from city court of Sandersville — Judge Jordan. August 24, 1920.

*Evans & Evans,* for plaintiff in error. *A. R. Wright,* contra.

HILL, J. Hutcheson Hardware Company were merchants in Sandersville, Georgia. A man came into their store to buy a gun, and selected one for $40. He tendered in payment a check for $297.51, and asked that the price of the gun be deducted from the amount of the check, and the merchant pay to him the balance. The check was made payable to the order of " Sill Huff, " and the man stated to the merchant that he was the payee, Sill Huff, and indorsed the check. He further stated that no one knew him in the town, and that he was an entire stranger in

the community. The check was drawn on the Planters State Bank of Davisboro, and purported to be drawn by J. F. Raley. The alleged payee of the check told the merchant that the signature of the drawer was known to the cashier of a bank in Sandersville. Before cashing the check, the merchant went to that bank and, exhibiting the check to the cashier, asked him if the signature, J. F. Raley, was genuine, and the cashier answered, " It looks like Mr. Raley's signature; I wouldn't swear it is his signature, but I think you will be perfectly safe in cashing the check. " The merchant (as appears from his testimony) then telephoned to the drawee bank and said: " I have got a check here signed by Mr. J. F. Raley, payable to Sill Huff for $297.51. Is it good ? " and the reply was: " It is good for a thousand dollars. " The man presenting the check to the merchant told him also that Mr. J. F. Raley gave him this check in payment of an indebtedness, that he had been working for Mr. Raley during the year, and the check was in payment of his wages. The hardware company paid him the money on the check, less the price of the gun, and indorsed the check and deposited in a bank, through which it was collected from the drawee bank in the usual way. The drawee bank, not suspecting the forgery, paid the check, charged the amount against Mr. Raley's account, and on the first of the following month mailed the usual bank statement to its depositor, who, on looking over the statement, discovered the check and at once went to the drawee bank and stated that he had not signed the check and had not given any check to Sill Huff. The drawee bank, convinced that the check was a forgery, gave Mr. Raley credit for the amount paid on the check, and brought suit to recover the amount from the hardware company. It was conceded that the check was a forgery, that Sill Huff had not presented the check to the hardware company, and that the signatures of the drawer and payee and the indorsement of the check in the name of Sill Huff were forgeries.

It is not necessary to add anything further to what is said in the headnotes.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*