13148.   THIRD NATIONAL BANK OF COLUMBUS *v.* MERCHANTS & MECHANICS BANK OF COLUMBUS.

1. This case is controlled by the ruling made by the Supreme Court in *Woods* v. *Colony Bank,* 114 *Ga.* 683 (2) (40 S. E. 720, 56 L. R. A. 929), as follows: " The rule that a drawee is presumed to know his drawer's signature, and hence cannot recover back money paid through a mistake of fact upon a bill to which the drawer's signature was forged, is not available in favor of a holder who by his own negligence contributed to the success of the fraud practiced, and whose conduct

had a tendency to mislead the drawee, who was himself free from fault." The fault of the drawee which will prevent a recovery under such circumstances must be something more than mere constructive negligence arising solely from a failure to recognize the drawer's signature, unless the forgery be plain and palpable. It must consist of some sort of actual negligence. *Hutcheson Hardware Co.* v. *Planters Bank,* 26 *Ga. App.* 321 (105 S. E. 854); *Swan-Edwards Co.* v. *Union Savings Bank,* 17 *Ga. App.* 572 (87 S. E. 825); 5 R. C. L. 557. While a majority of the courts have not gone so far as to formulate any rule to the effect that the previous payment of a forged check by a bank other than the drawee bank, and its subsequent presentation to the latter for payment, amounts to such an absolute guaranty as would relieve the drawee bank from the exercise of any degree of care with reference to circumstances which should reasonably arouse suspicion as to the genuineness of the instrument, yet the principle above quoted has especial application where a check has been thus presented to the drawee bank by a holder bank in good standing, upon the theory that the drawee bank in such a case has the right to presume that the holder bank, in paying the check, has made due and proper inquiry concerning any attendant circumstances of suspicion, 5 R. C. L. 558. See also case notes, 1915 A, L. R. A. 78; Ann. Cas. 1912D, 496; 25 L. R. A. (N. S.) 1308; 10 L. R. A. (N. S.) 49, 54.

2. Under the rules stated, the petition set forth a cause of action such as would render the petition good against the general demurrer.

DECIDED JULY 24, 1922.

Complaint; from Muscogee superior court — Judge Munro. November 12, 1921.

*F. U. Garrard, A. S. Bradley,* for plaintiff in error.

*Hatcher & Hatcher,* contra.

JENKINS, P. J. The plaintiff bank, upon which was drawn a check for $322.60, payable to " cash or order," with the maker's signature forged thereon, sought to recover this amount from the defendant bank, which had cashed the check for an indorser, and to which the plaintiff bank had paid the proceeds on its stamped indorsement and presentation, under an alleged mistake of fact as to the genuineness of the paper. The petition alleges that the defendant was negligent in aiding the cashing of the forged check, in that it should have inquired of the alleged maker as to the genuineness of the instrument, because it was unusual for a check of so large an amount to be drawn payable " to cash or order," and that it should have inquired as to the ownership, right, and title of the indorser who presented the check, because he was a man known to be without commercial standing, and without a place of business, or business connections in the city, and of doubt-

ful solvency and reliability. The plaintiff further sets forth that, as the check was drawn with the business and name of the alleged maker printed thereon, and the forgery was a clever imitation of the signature of the supposed maker, " this, coupled with the fact of its presentation by defendant " with its indorsement, thereby " vouching for its being a genuine check," tended to mislead the plaintiff into paying the check, and that the plaintiff itself was free from fault or negligence, but, upon discovery of the forgery, when the attention of the alleged maker was called to the check by its inclusion in his monthly statement as a depositor of the plaintiff, promptly notified the defendant of the forgery, offered to return the check, and demanded repayment of the proceeds, which it now seeks to recover under the alleged mistake of fact. The defendant excepts to the overruling of its general demurrer to the petition.

It is not necessary to add anything further to the syllabus.

*Judgment affirmed. Stephens, J., concurs.*