*Troy C. Davis, Ryals & Anderson,* contra.

---

### 13617.  FARMERS BANK *v.* BANK OF ABBEVILLE.

1. " Every transferer of a negotiable instrument, whether by indorsement or delivery, warrants (unless otherwise agreed by the parties) that he is the lawful holder and has a right to sell, that the instrument is genuine, and that he has no knowledge of any fact which proves the instrument to be worthless, either by insolvency of the maker, payment, or otherwise." Civil Code (1910), § 4277.

2. Where, in a suit by a bank — the drawee of a check of one of its customers — against another bank, to recover the amount of the check, it was alleged that for the purpose of delivery to the payee the check was entrusted by the drawer to another, who fraudulently altered it by erasing the payee's name and substituting his own, and who then procured the same to be cashed by the defendant, and that the latter — the holder bank — thereafter indorsed the check and obtained payment of it from the plaintiff, when the plaintiff was without any notice of the forgery, and that in paying the check the plaintiff relied solely upon the warranty of the holder bank, as contained in its indorsement, of the genuineness of the instrument and of all prior indorsements; that the defendant in cashing the check was guilty of negligence which contributed to the success of the fraud, and that

the plaintiff, on discovering the forgery, gave immediate notice thereof to the bank to which the plaintiff had thus made the payment, it was not error to overrule a general demurrer to the petition.

3. In such an action a defense that the loss should be borne by the drawer, because of alleged negligence on his part in so drawing the check that the alteration was easily accomplished, is not maintainable. Such a liability of the drawer, if existing, could not prevent the plaintiff bank from proceeding upon the indorsement of the defendant bank, and in such a proceeding is not a pertinent issue.

DECIDED FEBRUARY 8, 1923.

Complaint; from Wilcox superior court — Judge Gower. March 20, 1922.

*M. B. Calhoun*, for plaintiff in error. *Hal Lawson*, contra.

BELL, J. The Bank of Abbeville brought a suit against the Farmers Bank, alleging the facts which are briefly outlined in the second division of the syllabus. The Farmers Bank filed a general demurrer which was overruled. The case proceeded to trial, and at the close of the evidence the presiding judge directed a verdict in favor of the plaintiff. A motion for new trial was made by the defendant and was overruled. Exceptions pendente lite to the overruling of its demurrer having been properly preserved, a bill of exceptions by the Farmers Bank presents to us the questions as to whether the plaintiff's suit was good as against the demurrer (which, though containing several grounds, was yet general in its nature), and whether the verdict was properly directed.

There was no error in overruling the demurrer; and, since the evidence established the plaintiff's case as laid, and without contradiction, the direction of a verdict should also be affirmed. Civil Code (1910), § 4277; *Freeman v. Savannah Bank & Trust Co.*, 88 *Ga.* 252 (14 S. E. 577); *Woods v. Colony Bank*, 114 *Ga.* 683 (2) (40 S. E. 720, 56 L. R. A. 929); *Yalesville Banking Co. v. Fourth National Bank*, 10 *Ga. App.* 1 (72 S. E. 528); *Swan-Edwards Co. v. Union Savings Bank*, 17 *Ga. App.* 572 (87 S. E. 825); *Odom Realty Co. v. Central Trust Co.*, 22 *Ga. App.* 711 (2) (97 S. E. 116); *First National Bank of Ocilla v. Harris*, 25 *Ga. App.* 667 (104 S. E. 574); *Hutcheson Hardware Co. v. Planters State Bank*, 26 *Ga. App.* 321 (105 S. E. 854); *Third National Bank of Columbus v. Merchants & Mechanics Bank*, 28 *Ga. App.* 814 (113 S. E. 229).

The defendant pleaded, among other things, that the check was drawn with a lead pencil, the mark of which was easily erasable; that this was negligence on the part of the drawer; that such negligence made the alteration readily possible and that the loss resulting therefrom should be sustained by the drawer; and that the plaintiff bank, on account of the drawer's negligence in the manner referred to, would have the right to charge the check to the account of the drawer, its customer, and would therefore have no right to proceed against the defendant.

Whether the loss from the alteration should be ultimately borne by the drawer, on account of negligence on his part in the manner in which the check was drawn, should not be determined in a case where the drawee is proceeding directly upon the warranty made to it by the other bank at the time the latter received payment of the check from the former, and when the drawee had no notice whatever of the alteration and was relying solely upon the indorsement in making the payment.

We are aware that it is held in a number of jurisdictions that a drawer of a check may be so negligent in the manner of drawing it that any loss from an alteration should be borne by him; but whether this should be the rule in Georgia, and, if so, whether the evidence in the instant case was sufficient to have made an issue for the jury as to such alleged negligence of the drawer (neither of which is now to be decided when the drawer is not a party before us), we are satisfied that such an issue could not be pertinent here; and that whether there was evidence sustaining this plea or not, the judge was still right in directing the verdict, for the plea itself did not set forth any defense. If this defense could be allowed in a suit between the drawee bank and the bank which cashed the check, in which the former is proceeding upon the latter's indorsement, and to which the drawer is not a party, then it would be possible for the plaintiff to lose out as against its indorser, and possible for it to lose also later in a suit against the drawer, with the final result that the plaintiff must finally bear the loss, though originally entitled to redress from some one. To sustain the position of the plaintiff in error would have the effect of depriving the drawee bank altogether of the benefit of the provisions of section 5522 of the Civil Code (1910) that the "plaintiff may pursue any number of consistent concurrent remedies

against different parties until he obtains a satisfaction from some of them." It had the right to proceed upon the indorsement; and this right could not be defeated upon the ground that it might have proceeded against the drawer. If the drawer is liable, as is contended by the defendant, such a liability should be determined in some other proceeding.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*