18815.   MILNER *v.* FIRST NATIONAL BANK OF WAYNESBORO.

*Lewis & Lewis, Cohen & Gray,* for plaintiff in error.

*Fullbright & Burney,* contra.

BELL, J.   There lived on the farm of J. C. Palmer in Burke county two negroes whose names were Sam Hollis and Rip Gordon.   Hollis stole from Palmer, his employer, two bales of cotton and sold the same as his property to M. S. Michel, a cotton buyer in the city of Waynesboro, receiving therefor Michel's check for $216.05.   In selling the cotton Hollis represented himself to be "Rip Gordon," and directed that the check be made payable to him in that name.   He carried the check so drawn to a store of which A. S. Milner was manager, and, after making certain purchases, indorsed the check in the name of "Rip Gordon" and negotiated it to Milner for cash, less the amount of the purchases. Michel had no acquaintance with or knowledge of either Hollis or Gordon, and in buying the cotton believed that he was dealing with a person whose name was Rip Gordon, although intending that the one to whom the check was delivered should indorse it and receive the money thereon.   Milner, in accepting the check from Hollis, had no notice of the fraud practiced by him, but had the same belief as Michel as to the name and identity of the person dealt with. Palmer, the owner of the cotton, undertook at once to recover it from Michel, and succeeded in doing so.   Michel, on discovering that the cotton purchased by him was stolen property, attempted to stop payment of the check, by notice to the bank.   This notice was received by the bank after it had paid the amount of the check to Milner, but before it had charged the same upon its books to its customer Michel.

In these circumstances, and without others transpiring, the bank brought suit against Milner to recover the amount of the check which it had paid to him as indicated above, alleging in the petition that the "indorsement of Rip Gordon was a forgery," and that by reason of this fact the defendant was bound to restore to the bank the amount which he had received thereon.   The defendant denied that the indorsement was a forgery and denied indebtedness.

At the close of the evidence upon the trial, the facts appearing as above stated, the court directed a verdict in favor of the plaintiff for the amount sued for. The defendant brings the case to this court by bill of exceptions complaining that the court erred in making such direction.

It seems to us that the law and the justice of this case are on the side of Milner, the defendant. Under the facts appearing, the loss resulting from the acts of Hollis, the impostor, should fall upon Michel, and to permit a recovery by the bank in the instant case is to allow a shifting of this loss to another person, who in accepting the check acted innocently and did only what Michel intended should be done. It was Michel who bought the cotton and issued the check and thus put it in the power of Hollis to go out into commercial channels and to procure from another money to which he was not entitled. Both Michel and Milner appear to have acted in good faith. But where one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury must bear the loss. Civil Code (1910), § 4537.

A case very similiar to the one at bar is that of Montgomery Garage Co. v. Manufacturers' &c. Ins. Co., 94 N. J. L. 152 (109 Atl. 296, 22 A. L. R. 1224), in which the Court of Errors and Appeals of New Jersey held: "Where the drawer of a check delivers it, for a consideration which turns out to be fraudulent, to an impostor under the belief that he is the person whose name he has assumed and to whose order the check is made payable, a bona fide holder for a valuable consideration paid to the impostor upon his indorsement of the payee's name is entitled to recover from the drawer; it appearing that the person to whom the check was delivered was the very person whom the drawer intended should indorse it and receive the money, and that the drawer made no inquiry before issuing the check concerning the identity or credit of the named payee, who was unknown to the drawer." In the opinion in that case is a very thorough discussion of the principles applicable in a case of this sort, with a statement of distinctions and exceptions. Many cases are cited in support of the conclusion reached. Other cases are collected in a note in 22 A. L. R. 1224, supplemented in 52 A. L. R. 1326. See also Uriola v. Twin Falls Bank, 37 Idaho, 332 (215 Pac. 1080); Missouri Pac. R. Co. v.

Cohn, 164 Ark. 335 (261 S. W. 895); Winters National Bank *v.* Roberts, 20 Ohio Dec. 690; Hoffman *v.* American Exchange National Bank, 2 Neb. 217 (96 N. W. 112); Mercantile National Bank *v.* Silverman, 148 App. Div. 1 (132 N. Y. S. 1017), affirmed in 210 N. Y. 567 (104 N. E. 1134); McCornack *v.* Central State Bank, 203 Iowa, 833 (211 N. W. 542, 52 A. L. R. 1297).

It is our opinion that the principles applied in the Montgomery case, supra, are sound, and that they are applicable in the case under review. This is not a case of a forged indorsement, as was the case of *Yatesville Banking Co.* v. *Fourth National Bank,* 10 *Ga. App.* 1 (72 S. E. 528), and we think there is no Georgia case directly in point. Compare *Atlanta National Bank* v. *Burke,* 81 *Ga.* 597 (1, 2) (7 S. E. 738, 2 L. R. A. 96); *First National Bank* v. *Harris,* 25 *Ga. App.* 667 (104 S. E. 574); *Hutcheson Hardware Co.* v. *Planters State Bank,* 26 *Ga. App.* 321 (105 S. E. 854); *Farmers Bank* v. *Bank of Abbeville,* 29 *Ga. App.* 472 (116 S. E. 204).

The trial judge was, of course, not authorized to direct a verdict in favor of the plaintiff unless, under the facts, no other verdict could lawfully have been returned. Since the verdict in favor of the plaintiff was not demanded, the court erred in directing the jury to find in favor of that party.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*