26307. PEOPLES LOAN & SAVINGS CO. *v.* PARDUE.

DECIDED OCTOBER 7, 1937.   REHEARING DENIED NOVEMBER 4, 1937.

*R. B. Pullen,* for plaintiff in error.
*Marvin G. Russell,* contra.

SUTTON, J.  D. G. Pardue, doing business as Pardue Medicine Company, sued Peoples Loan and Savings Company on a check for $46, in the municipal court of Atlanta. The trial judge found in favor of the plaintiff, and on appeal to the appellate division, the judgment was affirmed. The defendant excepted. The following

facts appear from the evidence and record: A negro, who represented himself to be Perry Britton, made application to Peoples Loan and Savings Company for a loan of $50, which was approved, and a check for $46, payable to him, was issued and delivered by such company to him, who on the same day took it to the drug store of the plaintiff, D. G. Pardue, where he had been buying medicine for seven or eight years, and, after making certain purchases at the plaintiff's store, received from him the balance of the check in cash. On account of an application for a loan made by another negro within an hour or so after the check was delivered to Perry Britton, the loan company suspected that these negroes were attempting to perpetrate a fraud on it, and ordered payment on the check stopped at the bank; and payment thereof was refused by the bank when the check was presented to it by the plaintiff. D. G. Pardue had sold drugs to the holder of the check for seven or eight years preceding this particular transaction, and had known him as Perry Britton during that time, and cashed the check as it appeared to be all right and because he was dealing with Perry Britton; he had not seen this person since cashing the check. The manager of the loan company testified that before making the loan he carefully checked the application and determined that there was a person named Perry Britton residing at 813 Smith Street, and employed by the Southern Railway Company, as stated in the application. The application of Perry Britton and the financial statement of his indorsers appear in the evidence.

A negro named Perry Britton testified that he was employed by the Southern Railway Company, and had lived for several years at 813 Smith Street; and that he did not make the application for the loan, and knew nothing about the transaction or the check in question.

We think the following principle of law is clearly applicable to the facts of this case: "When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss." Code, § 37-113. The defendant made the check payable to Perry Britton, the person who made the application for the loan, and delivered the check to him. It dealt with him then, face to face, as Perry Britton, and did not question his identity. It made it pos-

sible for him to take the check to the plaintiff, who had dealt with him for the past seven or eight years and knew him as Perry Britton, and to obtain the cash on the check. They both dealt with him then as Perry Britton, and, so far as the issue here between them is concerned, he must still be regarded and recognized as the Perry Britton of that transaction. The loan company is responsible for the mistaken identity, if any, in the person to whom it issued and delivered the check in question. This case is controlled by the Code, § 37-113, and the decisions of this court in *Milner* v. *First National Bank,* 38 *Ga. App.* 668 (145 S. E. 101), and *Moore* v. *Moultrie Banking Co.,* 39 *Ga. App.* 687 (2) (148 S. E. 311). The authorities cited by the plaintiff in error here have not been overlooked, but they are not applicable to the facts of this case.

*Judgment affirmed. Stephens, P. J., concurs in the judgment. Felton, J., concurs.*