### ROUNSAVILLE *et al* v. PEEK *et al.*

Where a purchaser of realty received from his grantor an absolute deed and gave to the latter a promissory note for a balance of the purchase-money, and afterwards for a valuable consideration sold and conveyed the land to a third person, the holder of the note could not enforce payment of a judgment rendered thereafter against the maker, by levy and sale of such realty as the property of the latter, although in the deed made to the second vendee it was recited that such vendee had agreed to pay the note given by the first vendee for balance of the purchase-money.

Argued June 16, — Decided July 28, 1899.

Levy and claim. Before Judge Fite. Polk superior court. August term, 1898.

*Sanders & Davis*, for plaintiffs in error.
*Blance & Fielder*, contra.

LITTLE, J.    In April, 1890, Mrs. Wray sold to Peek, Led·better, Treadaway, and others the mineral interest in certain lands, and made an absolute deed in fee simple conveying the property to the purchasers, specifying, among other things, that an undivided one-sixteenth interest in the property was conveyed to Treadaway.    Treadaway, being indebted to Rounsaville & Brother, executed to them a mortgage on his interest in the property to secure a debt; and subsequently, 1893, conveyed his interest in the property by a regular warranty deed, dated February 6, 1893, to Rounsaville & Brother.    After describing the property, this deed contains the following recital:    "Rounsaville & Brother are to pay the two hundred dollars and interest now owing by me for my part of said property."    Mrs. Wray for value transferred the note to Mansell, who instituted an action and recovered judgment on the same in the superior court in 1896.    The execution issuing thereon was levied upon all of the property conveyed by Mrs. Wray, and the same was advertised for sale, when Rounsaville & Brother filed a claim to the one-sixteenth interest which had been so conveyed by Treadaway to them.    The other fifteen-sixteenth interests were sold, and purchased by Ledbetter, Peek, and Burbank, and, there being a balance not paid by the sale of the property, they paid off the debt and took a transfer of the execution for such balance, and as transferees prosecuted the levy on the one-sixteenth interest claimed by Rounsaville & Brother. Subsequently Peek and others, owners and transferees of the fi. fa., filed an equitable petition in aid of the levy, in which they set out the above facts, claiming, as the deed from Treadaway to Rounsaville & Brother contained a provision that the grantees were to pay the two hundred dollars and interest "now owing by me for my part of said property," that Rounsaville & Brother took said deed with notice that Treadaway had not paid in full for his sixteenth interest, and that they took the same not only with notice, but with a solemn promise that they would pay all that Treadaway had not paid on his purchase.    They prayed that the one-sixteenth interest in said

mineral interest which is claimed by Rounsaville & Brother be found subject to the fi. fa. They further prayed that it be decreed that Rounsaville & Brother shall pay their full part of the price paid by them for the land at the sheriff's sale, and take a deed with the petitioners in the property, etc. To the petition a demurrer was filed, and overruled, to which judgment claimants excepted. The case proceeded, and evidence was introduced, substantially showing the facts to be as above. At the conclusion of the evidence, the court on its own motion directed a verdict finding the property subject; to which direction the claimants excepted. It is contended by the defendants in error that the claimants are not innocent bona fide purchasers; because he who takes with notice of an equity takes subject to that equity ; and that the recital in the deed from Treadaway to claimants was actual notice to the grantees, and was sufficient to put the claimants on inquiry, and charge them with notice of all the facts.

If it be admitted that the equitable petition was properly allowed in this case, and that all of the contentions of the defendants in error are true and correct principles of law, we nevertheless do not see how a verdict finding the property subject to the execution can be legally sustained. The judgment which created a lien on this property was rendered in 1896. The deed of conveyance made by Treadaway to the plaintiffs in error was made in 1893. Confessedly, at the time of the execution and delivery of such deed, title to an undivided one-sixteenth interest in the property was in Treadaway. At the time of the sale of the land by Mrs. Wray, if she had so desired, by the execution of a bond for titles she could have reserved the title of this land as security for the payment of the purchase-money; or she could have conveyed the property in fee simple and have taken a mortgage to secure the payment of the purchase-money. She did neither, but, by her absolute deed in fee, vested in her grantees all the title she had in the land at that time; so that the plaintiffs in error in 1893 were invested with Treadaway's title to the land, free from any lien by contract. The equitable petition, however, alleges that the plaintiffs in error took such title with full notice that Treada-

way had not paid the purchase-money for the mineral interest in the land which was conveyed to him. This is true; but it is not true as a matter of law that with such notice the grantee took the land with any lien for such purchase-money. This, in effect, would be nothing more than a revival of the vendor's equitable lien, which was abolished by the Code of 1863. Civil Code, § 2823. The grantees' rights were not affected by the fact that the purchase-money of the land had not been paid by the grantor, and they had a perfect legal right to purchase said property, and the conveyance would put in them all the title which the grantor had, which in this case was an unincumbered fee-simple interest, irrespective of any knowledge or notice that the balance of the purchase-money was due and unpaid. It is claimed, however, that the recital in the deed that the grantees were to pay the balance of the purchase-money was equivalent to a promise on their part to do so. Suppose that this contention is sound, it nevertheless affords no reason why the land is subject to the execution. At most it would create an indebtedness on the part of the claimants to the defendants in error, which, until judgment, would have no lien on the land. When the claimants received the deed from Treadaway no lien existed, and if we give to defendants in error all.that they claim, they would have simply a right to recover of the claimants the amount contracted to be paid, but until a judgment was rendered against the claimants, they would have no legal lien against the property of claimants, including the land. For the reasons stated, there was no equity in the petition filed by the defendants in error, and a demurrer filed thereto should have been sustained; and inasmuch as both the allegations of the petition and the evidence required a verdict for the claimants, the court erred in directing a verdict for the defendants in error.

*Judgment reversed. All the Justices concurring.*