(30 Misc. Rep. 382.)

ADLER et al. v. BROADWAY BANK OF BROOKLYN.

(Supreme Court, Trial Term, New York County. January 30, 1900.)

1. BILLS AND NOTES—CHECKS—FORGED INDORSEMENT—PAYMENT BY BANK—RECOVERY.

Where plaintiffs' collector, receiving a check in payment of a bill on a bank in which the maker had funds, forged plaintiffs' name thereto as indorser, collected the money, and appropriated it to his own use, plaintiffs, having received an assignment of the maker's interest therein, were entitled to recover the amount of the check from the bank.

2. SAME.

That the drawer of a check in favor of plaintiffs, on which plaintiffs' collector had forged their indorsement, introduced such collector to the bank as the person authorized to receive the money, did not prevent plaintiffs' recovery from the bank on a second check which the bank paid to the collector on his forged indorsement of plaintiffs' name, in the absence of evidence that the drawer knew of the forged indorsement on the prior check, or was in complicity with the forger.

Action by Henrietta Adler and others against the Broadway Bank of Brooklyn to recover money paid by defendant on a forged indorsement of plaintiffs' name as payees of a check. Judgment for plaintiffs.

Horwitz & Samuels, for plaintiffs.
Fisher & Voltz, for defendant.

McADAM, J. Tenner & Mosler, who had money on deposit with the defendant, drew their bank check, whereby they directed the defendant to pay to the order of the plaintiffs the sum of $136.50. The check was delivered by the drawers to the plaintiffs' collector in payment of a bill owing by the drawers to them. The collector forged the plaintiffs' firm name on the back of the check as indorsers, and the defendant paid the money to the collector, and charged the amount against the drawers' account. The collector appropriated the money to his own use. The drawers have assigned whatever right of action they have against the defendant to the plaintiffs, who now represent both the drawers and the lawful owners of the check.

The collector had no authority to indorse the plaintiffs' name as indorsers on the check, and the payment to him is no defense to the defendant. Robinson v. Bank, 86 N. Y. 404; Schmidt v. Bank, 64 Hun, 298, 19 N. Y. Supp. 252, affirmed in 138 N. Y. 631, 33 N. E. 1084; People v. Bank of North America, 75 N. Y. 548; Morgan v. Bank, 11 N. Y. 404; Welsh v. Bank, 73 N. Y. 424; Bank of British North America v. Merchants' Nat. Bank, 91 N. Y. 106; Shipman v. Bank, 126 N. Y. 318, 27 N. E. 371, 12 L. R. A. 791. The circumstance that on a previous occasion, when the collector presented a check to the defendant bearing the forged indorsement of the plaintiffs, the drawers of the check introduced the collector as a person authorized to receive the money on that check, does not furnish any defense here. The payment of the prior check was no doubt a valid one against the drawers thereof, as by their authority, on the principle of equitable estoppel. But this does not so operate as to the check in suit, which was given subsequently. There is no evidence that the drawers of the prior check knew that the indorsement thereon had been forged, nor has it even been suggested that the drawers were in complicity with the forger; and the mere circumstance that the drawers had by their conduct estopped themselves as to that particular check does not imply that they were to be similarly estopped as to subsequent checks respecting which they assumed no such responsibility. It follows that the plaintiffs are entitled to judgment.