DARIEN BANK <i>v.</i> CLIFTON.

1. Where a bank receives money on deposit, it can not pay out and charge the amount of the money to the depositor except upon the order of the depositor. The bank in such case can not avoid liability by showing that it paid out the money in good faith, and believed that the person presenting the check was authorized by the depositor to sign it and draw out the money, when in fact he had not been so authorized.

(a) When one deposits money in a bank on general deposit, the bank thereby becomes the debtor of the depositor for the amount of the money so deposited, and undertakes impliedly to pay the money either to the depositor himself or to some person to whom he directs it to be paid.

2. A demurrer which merely complains that "the petition is vague, uncertain, and duplicitous" is insufficient to be considered. The demurrer must distinctly specify wherein the defect lies.

3. The petition sets out a cause of action, and the court did not err in overruling the demurrer.

No. 3539. JULY 14, 1923.

Accounting. Before Judge Sheppard. McIntosh superior court. November 18, 1923.

*Tyson & Tyson,* for plaintiff in error.

*H. Wiley Johnson* and *McIntire, Walsh & Bernstein,* contra.

HILL, J. Mrs. W. A. Clifton brought suit in three counts against the Darien Bank. In the first count the plaintiff prayed for a judgment for $5,538.75, alleged to be the amount of certain checks and vouchers which the bank paid out of the plaintiff's account, and which were not signed by the plaintiff. The second count prayed for judgment for $15,996.24, being the amount of certain sums alleged to be improperly charged against the plaintiff's account, in that the checks, drafts, and charges were signed by a person other than the plaintiff and without her authority. The third count alleged that the cashier of the bank withdrew large sums of money from plaintiff's deposit account, and that a signature was procured to a note for $3500 of which the plaintiff never received the proceeds, and which was never credited to her account, and that other sums should have been credited but were not credited to her account; and plaintiff prayed for an accounting and a judgment for all sums found to be due her upon such accounting. The defendant filed demurrers, general and special, to the petition; and the plaintiff thereupon filed amendments to the petition, to meet the special demurrer. The court overruled the demurrers, and the defendant excepted.

1. The ground of demurrer to the first count of the petition is as follows: (1) No cause of action is set out. (2) Plaintiff fails to allege that she has not received, directly or indirectly, the sums claimed to have been deposited by her. (3) Plaintiff fails to allege that she did not withdraw the sums nor authorize any one to withdraw the same, nor what amount she had on deposit.

The first count of the petition alleges that the plaintiff for many years has been a depositor in the defendant bank, that she deposited various sums on certain dates, all aggregating the sum of $19,759.12, and that the bank charged certain sums against her account, aggregating $5,538.75, as shown by exhibit A to the petition, which sums were paid out by the defendant upon checks and vouchers signed in the name of plaintiff, but which she neither

signed nor authorized to be signed in her name; and that by reason of the unauthorized payments and charges out of plaintiff's account the bank is indebted to her in the sum of $5,538.75. We are of the opinion that the first count of the petition is not subject to the demurrer filed against it. Where a bank receives money on deposit, the bank can not pay out such money and charge the amount to the depositor except upon the order of the depositor, and such bank can not avoid liability by showing that it acted in good faith and believed that the person presenting the check was authorized to sign the name of the depositor. *Ga. R. &c. Co.* v. *Love &c. Society,* 85 *Ga.* 293, 297 (11 S. E. 616). When one deposits money in a bank on general deposit, the bank thereby becomes the debtor of the depositor for the money so deposited, and undertakes impliedly to pay the money either to the depositor or to some person to whom he directs it to be paid; and in order to relieve itself from liability to the depositor, the bank must pay the money to the depositor or as directed by him. *Atlanta National Bank* v. *Burke,* 81 *Ga.* 597, 600 (7 S. E. 738, 2 L. R. A. 96). The special ground of demurrer was met by appropriate amendment.

2. The second count of the petition is substantially the same as the first count, except that the petition alleges that the amounts deposited by plaintiff in the bank, and alleged to have been improperly paid out, as set out in the exhibit to the petition, aggregated the sum of $15,996.24; and by amendment the manner of signing the checks and vouchers as to each of the items is set out in the exhibit. The demurrer to the second count is similar to that filed to the first count, except that the demurrer sets out that the plaintiff fails to allege that she did not receive in person or by agent the sums claimed to have been deposited by her in whole or in part, or what amount she did receive of the deposit; and also that plaintiff fails to allege that she did not withdraw nor authorize any one else to withdraw the deposits, and that the deposits had not been used for her benefit, or with her knowledge and approval. What has been said in the foregoing division of this opinion, with reference to the demurrer to the first count, is applicable to the demurrer to the second count, and the special demurrer to the second count was also met by amendment to the petition.

3.   Defendant filed five grounds of demurrer to the third count of the petition, as follows: (1) No cause of action is set out in the petition. (2) The petition shows that J. A. Space was acting for and with the plaintiff as her advisor and agent. (3) The defendant fails to allege that J. A. Space, cashier of the defendant bank, was acting within the scope of his authority or acting for the defendant in so far as the acts and doings alleged in the third count are concerned. (4) The petition is vague, uncertain, and duplicitous. (5) The petition fails to allege that plaintiff is entitled to the decree or relief prayed for. The third count of the petition, as amended, alleges that the cashier of the bank, J. A. Space, undertook to advise plaintiff as to her business affairs, as to the investment of her money, aggregating $20,000, and induced plaintiff to withdraw her money from the G. A. Mercer Company, at Savannah, Georgia, and to deposit it in the defendant bank to be invested for her greater benefit; that plaintiff is a woman without business experience, and ignorant of business and financial affairs; that the cashier of the bank undertook to advise plaintiff as to her business affairs and as to the investment of her money aggregating $20,000, and induced plaintiff to withdraw her funds from the Mercer Company and to deposit said sum in the defendant bank to be invested for her greater benefit; that Space, without any legal authority from plaintiff, withdrew large sums of money from plaintiff's account in said bank upon his signature to drafts and checks drawn against said account; that the bank has notified plaintiff that she is indebted to it upon a demand note to it in the sum of approximately $3500. Plaintiff at no time needed said sum of $3500 as a loan from the bank, and from the statements furnished plaintiff by the bank she is unable to find where she has ever been credited with the proceeds of the alleged loan. Plaintiff was persuaded by Space, cashier of the bank, to sign papers presented to her by him, and she is advised and believes that one of the papers so signed by her is a promissory note to the bank; but she alleges that she never received the sum of $3500 or any other sum as proceeds of the promissory note, and that that sum was not credited to her account; and if the defendant bank holds a note of hers for $3500, or any other sum, the note is without consideration and should be canceled. Plaintiff knows of one item of $2,000 not credited to her account by the bank,

which should have been credited, the item consisting of a draft dated June 18, 1921, payable at sight and drawn by plaintiff to the order of the defendant upon the G. A. Mercer Co., of Savannah, Georgia, which draft was paid by the drawee and not credited by the defendant to this plaintiff's account. Plaintiff is advised and believes that the bank has collected sums of money due her by other people for which no credit has been given her; she can not allege the sums so collected and from whom they were collected, but she alleges that the defendant is in possession of such information. The prayer of the third count was amended, in addition to the foregoing, to the effect that defendant be ordered and directed to produce the promissory note of approximately $3500, and that the court decree the cancellation and surrender of the note as being without consideration. It was also alleged that from the vouchers and statements furnished to plaintiff by the bank she finds a number of items charged to her over her name, but not over her signature, and without any authority by her, showing payments of interest on the alleged demand note. The bank has refused to give plaintiff or her representative the right to examine into the accounts of the bank relating to her affairs. Owing to the fact that plaintiff has no business experience, and that Space, the cashier of the bank, has, to the best of plaintiff's knowledge and belief, unlawfully charged to her account items of which she knows nothing and which she gave him no authority to pay out or to charge to her account, she is unable to say exactly how much money deposited by plaintiff has been unlawfully and illegally withdrawn from the account without her knowledge or authority by Space. It is also alleged that the statements furnished to the plaintiff by the defendant failed to show all of the deposits made by her; that plaintiff has no recollection of signing any paper upon which she could be held indebted to the defendant, and she did not intend to borrow any money from the defendant; and if it has any note signed by her, she was fraudulently induced to sign it by J. A. Space, without any knowledge by her as to the effect of the signature. The prayer was that the defendant be decreed to furnish an account showing the entire status of petitioner's account with the defendant, particularly showing all credits to which plaintiff is entitled and all proper charges against the account, and all sums claimed by the defend-

ant to be due by the plaintiff; and that the plaintiff have judgment against the defendant for all sums found to be due her upon such an accounting. There was also a prayer for general relief.

We are of the opinion that the third count of plaintiff's petition alleges facts which are sufficient to withstand the demurrers filed against it. It is insisted in the ground of general demurrer that Space, the cashier, was acting as plaintiff's agent and adviser; and therefore, if the plaintiff's agent withdrew money from the bank, that the bank was not responsible therefor. It is true the petition does allege that the cashier was advising the plaintiff; but the allegations negative the fact that the cashier was the agent for the plaintiff in checking out money from the bank belonging to the depositor without her authority or consent. The allegations are to the effect that while Space was cashier of the bank he withdrew money deposited there to her account without plaintiff's authority, and the bank would be liable for money deposited by the plaintiff in her own name, which was paid out upon the signature of any other person without her authority or upon her own signature, if that signature had been fraudulently and wrongfully placed upon a check or draft on the bank without her consent or authority. It is also insisted that the petition fails to allege that the cashier of the bank was acting within the scope of his authority in checking out the various amounts alleged to have been checked out by him from the money deposited in the bank by the plaintiff. It is alleged in the petition that Space was the cashier of the bank, and that he withdrew certain sums of money deposited by the plaintiff in the bank without any authority from her. Assuming these allegations to be true, in paying money to himself without the authority or consent of the plaintiff the defendant bank would be responsible therefor. It will be observed that the money was not deposited with Space individually, but was deposited with the bank as such, and that the money so deposited was paid out by the bank through the cashier without the authority of the plaintiff. In such circumstances it was the bank itself which improperly paid out the money, and it would be liable therefor. 2 Michie Banks & Banking, 1090; Lowndes v. City Nat. Bank, 82 Conn. 8 (72 Atl. 150, 22 L. R. A. (N. S.) 408).

Another ground of the demurrer to the third count is that the petition is vague, uncertain, and duplicitous. This ground is

without merit; and furthermore the demurrer itself is vague and uncertain and does not point out in what respect the petition is open to the attack made upon it. Such a demurrer must distinctly specify wherein the defect lies. *Scott* v. *Central of Ga. Ry. Co.,* 18 *Ga. App.* 159 (88 S. E. 995).

The petition sets out a cause of action, and the court did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur.*