19597. MOORE, for use, etc., v. MOULTRIE BANKING COMPANY.

BROYLES, C. J.  1. "Where one deposits money in a bank on general deposit, the bank immediately becomes the debtor of the depositor for the money deposited, and undertakes impliedly to pay that money either to the depositor or to some person to whom he directs it paid; and in order to discharge itself from this liability to the depositor, the bank must pay the money to the depositor or as directed by him. The liability can not be discharged in any other way." *Atlanta National Bank* v. *Burke,* 81 *Ga.* 597, 600 (7 S. E. 738, 2 L. R. A. 96). "The bank in such case can not avoid liability by showing that it paid out the money in good faith, and believed that the person presenting the check was authorized by the depositor to sign it and draw out the money, when in fact he had not been so authorized." *Darien Bank* v. *Clifton,* 156 *Ga.* 65 (118 S. E. 641).

2. The above-stated general rule is subject to the following exception: Where a bank has paid money on a check to a person to whom the drawer (the depositor) delivered the check *with the intention that such person should receive the money,* the bank is not liable for making the payment, although the person who procured the check perpetrated a fraud upon the drawer in obtaining it. 7 C. J. 678, § 400, and cit.

3. The controlling facts of the instant case, as disclosed by the evidence on the trial, are that the drawer of the check in question made it payable to the order of a woman *whom he personally knew, an old acquaintance and a former client* (the drawer being a lawyer), and that, although he mailed the check to an impostress who by correspondence had fraudulently led him to believe that she was his old acquaintance, he mailed it *with the intention that the money should be paid to the woman of whom he had a mental picture when he wrote and mailed the check, to wit, his old acquaintance and former client.* It follows that the case comes within the general rule, and that the bank was liable to its depositor (the drawer of the check) for paying the money to the impostress. The cases falling within the exception to the rule, cited in the brief of counsel for the bank, are distinguishable by their particular facts from this case. The court erred in directing a verdict for the defendant bank.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 15, 1929.

*L. L. Moore, Lawton & Cunningham,* for plaintiff, cited: 81 *Ga.* 597, 599; 156 *Ga.* 65; 7 C. J. 400, 678; 4 N. E. 619; 25 *Ga. App.* 667; 135 Mass. 278; Id. 283; 142 N. Y. Supp. 387, 109 N. E. 1077; 68 Pac. 115; cases cited contra distinguished.

*W. G. Martin,* for defendant, cited: 57 Am. Rep. 174; 203 Pa. 69; 215 N. Y. 726; 210 N. Y. 567; 52 A. L. R. 1298, 1326; 45 Fed.