*Colquitt, Parker, Troutman & Arkwright, T. M. Smith, Robert T. Efurd;* contra.

21848.   FIRST NATIONAL BANK OF WAYCROSS *v.* GUARANTY LIFE INSURANCE COMPANY.

BELL, J. 1. Where an insurance company, as drawer, entrusts to its agent a check to be delivered to the payee, the agent, without more, has no real or apparent authority to deliver the check to any other person, and where he wrongfully delivers the check to another, whom he procures to impersonate the payee and to forge the payee's indorsement thereon, and whom he then introduces to a bank, which pays the check upon such forged indorsement with the additional indorsement of the agent, the bank, as between itself and the drawer, must bear the loss. Under such facts, the bank was not relieved of its own duty of identification, and acted at its peril in paying the check to any person other than the payee named therein. If the agent had himself forged the indorsement and impersonated the payee, the bank would not have been protected, and the case is not different merely because the agent colluded

290

with another to assist him in the perpetration of the fraud. *Atlanta National Bank* v. *Burke*, 81 *Ga.* 597 (7 S. E. 738, 2 L. R. A. 96); *First National Bank* v. *Harris*, 25 *Ga. App.* 667 (104 S. E. 574); *Moore* v. *Moultrie Banking Co.*, 39 *Ga. App.* 687 (148 S. E. 311); *Milner* v. *First National Bank*, 38 *Ga. App.* 668 (145 S. E. 101); Prudential Insurance Co. *v.* National Bank of Commerce, 227 N. Y. 510 (125 N. E. 824, 15 A. L. R. 146); Harmon *v.* Old Detroit National Bank, 153 Mich. 73 (116 N. W. 617, 17 L. R. A. (N.S.) 514, 126 Am. St. R. 467); City of St. Paul *v.* Merchants National Bank, 151 Minn. 485 (187 N. W. 516, 22 A. L. R. 1221); Union Tool Co. *v.* Farmers & Merchants National Bank, 192 Cal. 40 (218 Pac. 424, 28 A. L. R. 1417); Miners &c. Bank *v.* St. Louis Smelting Co., (Mo. App.) (178 S. W. 211); Adler *v.* Broadway Bank, 30 Misc. 382 (62 N. Y. Supp. 402); 7 C. J. 686.

2. Under the above rulings, the bank which paid the check did not acquire the title thereto, and, as against the drawer, could not demand payment or bring suit thereon. The case is not altered by the fact that the drawer in writing the check placed the name and address of the agent in the lower left-hand corner, this being a mere private memorandum not purporting to confer any authority upon the agent or to affect any right of the payee.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 12, 1932.

*Robert E. Falligant, Bouhan & Atkinson, Wilson, Bennett & Pedrick,* for plaintiff.

*Anderson, Cann & Cann,* for defendant.