24839. Farmers Peanut Company *v.* Zimmerman-Alderson-Carr Company.

Jenkins, P. J. 1. "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Code 1933, § 4-213.

2. Where the plaintiff occupied the status of broker (as distinguished from a sales agent; see *Humphries* v. *Smith,* 5 *Ga. App.* 340, 63 S. E. 248), and as such procured a purchaser ready, able, and willing to buy on terms agreeable to the seller, the plaintiff would not, in the absence of a contractual undertaking, become a guarantor either of the financial ability of the purchaser or of the subsequent performance by the purchaser of the offer to buy, especially where the seller has actually accepted the offer. Accordingly, the seller was not entitled to a recoupment in the instant suit by a broker for commissions on three cars of peanuts actually delivered and accepted by the purchaser, because, on account of a drop in the market price of the commodity, the fourth car in the order was countermanded and refused.

3. Nor would the principle as applied to this case be changed where the parties acted under a rule of the association, of which they were mem-

bers, providing that, "when a trade is closed with or through a broker, and confirmation exchanged by principals, it shall be understood that the brokerage has been earned, whether the goods are finally delivered or not, the broker being responsible for any errors or mistakes to both buyer and seller until confirmations are exchanged by principals," so as to deprive the broker of his commission, or subject him to damages in recoupment on account of a partial failure of the purchaser to perform, where the seller, with full knowledge that there had been no "confirmation exchanged by principals" in the sense of a written binding agreement, nevertheless proceeded in the execution and performance of the oral offer to purchase, and the loss to the seller by depreciation in the market value was sustained after three-fourths of the agreement had been performed. In such a case, even if the words "confirmation exchanged by principals" could be taken to mean that it was incumbent on the broker to see that his client after accepting the oral offer should enter into a written agreement with the purchaser, such requirement was waived by the acts and conduct of the seller. Nor would such failure on the broker's part to see to the execution of an enforceable written contract between the parties constitute an "error or mistake" within the terms or intent of the association rule.

4. Moreover, under the evidence, the seller being bound by the testimony of its president, who actually handled the transaction for the corporation, managed its affairs, and was its sole witness at the trial, and this testimony, which was the only evidence to sustain the claim of a $450 loss from a depreciation in market value of the refused car of peanuts purchased by the seller, being most strongly construed against the defendant, where contradictory, vague, or ambiguous, and part of such testimony showing that no loss had been sustained, the plea of recoupment was not sustained by the evidence.

5. The court did not err in directing the verdict in favor of the plaintiff for the amount sued for.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED DECEMBER 16, 1935.

*Jeff A. Pope,* for plaintiff in error. *S. P. Cain,* contra.