26052. BUENA VISTA LOAN & SAVINGS BANK *v.* STOCKDALE.

STEPHENS, P. J. 1. Where a cashier's check issued by Buena Vista Loan and Savings Bank, and payable to the order of "Salem China Company," was delivered by the bank to H. C. Robinson for the purpose of being transmitted by him to Salem China Company, the payee, although H. C. Robinson was not in fact an agent of Salem China Company and had no authority from Salem China Company to receive the check, which the bank did not know, the check was not payable to a fictitious or non-existing person, and therefore it was not payable to bearer. Code, § 14-209.

2. Unless the indorsement of the name of the payee of a note or check is genuine, either as having been made by the payee or by the payee's agent with authority to make the indorsement, the indorsement passes no title to the check. A person taking the check by such indorsement acquires no right, title, or interest therein, and can not maintain a suit thereon against the maker. *Ruby* v. *Boyett*, 19 *Ga. App.* 516 (91 S. E. 939).

3. Where a check is payable to the order of "Salem China Company" as the payee, and is not payable to bearer, because of having been payable to the order of a fictitious or non-existent person with the knowledge of the maker of the check, an indorsement thereon which reads "Salem China Company by H. C. Robinson," where such indorsement is made by H. C. Robinson, who at the time is not an agent of Salem China Company and has no authority from Salem China Company to indorse the check in its name, and therefore the indorsement is not genuine, the indorsement passes no title from Salem China Company, the payee, to a transferee for value taking the check under such indorsement. The transferee of the check, having no title, can not maintain a suit against the maker to recover on the check.

4. In a suit by the transferee of the check, against the bank as maker, to recover on the check, the court erred in striking the defendant's plea which set up the defense that the plaintiff, by reason of the above-stated facts, had no title to the check; and in thereafter rendering judgment for the plaintiff.

*Judgment reversed. Sutton and Felton, JJ., concur.*

DECIDED JULY 9, 1937.

*John C. Butt,* for plaintiff in error.   *T. B. Rainey,* contra.