## SUMMER *v.* STRAYHORN.

No. 12325. SEPTEMBER 24, 1938.

W. V. *Lance* and *Frank B. Stow,* for plaintiff in error.
G. *Fred Kelley,* contra.

BELL, Justice. Strayhorn, having obtained a judgment against Will Summer, had an execution based thereon levied on a described tract of land, to which Fred Summer filed a claim. At the conclusion of the evidence the judge directed a verdict in favor of the plaintiff in fi. fa. The claimant made a motion for a new trial on the general grounds, and assigned error on the direction of the verdict. The motion was overruled, and the claimant excepted.

On November 26, 1932, Strayhorn executed and delivered to Mrs. Willie Hill a bond for title to the land in dispute, and received from her a note payable to him for an amount representing a balance of the purchase-price. This note is unpaid, and has not been sued on. On November 6, 1933, Mrs. Hill in writing transferred to Will Summer the bond for title held by her. The bond was later transferred by Will Summer to his son, Fred Summer. Will Summer testified that he acquired the property, that is, the bond for title, for his son Fred. At the time he obtained the transfer from Mrs. Hill he executed certain notes which on their face were made payable to W. H. Hill, the husband of Mrs. Hill. Summer further testified: "I purchased this bond for title from

W. H. Hill, and I was dealing with Mr. Hill for his wife." Mrs. Hill testified that she could neither read nor write; that she knew that the notes given by Will Summer were taken in the name of W. H. Hill. W. H. Hill died, and a year's support awarded to Mrs. Hill covered these notes. She sold the notes to Strayhorn, and duly transferred them to him. They were the basis of the judgment on which was issued the fi. fa. that was levied on the land. Before the levy, Strayhorn executed and had filed and recorded a deed from himself to Will Summer to the premises in dispute, which contained the following recital: "This deed is made, executed, and filed in the clerk's office of Hall superior court, for the purpose of levy and sale as the property of grantee. Grantor having first sold above-described property to Willie Hill and executed to the said Willie Hill a bond for title, and holds a note for the balance due in the sum of $377.00. That said bond for title was sold, transferred, and assigned to Will Summer, and the said Summer executed a series of promissory notes to W. H. Hill for the purchase-price of same, which were sold, transferred, and assigned to grantor herein, and the said notes have been reduced to judgment and execution issued in favor of grantor against grantee; and this deed is made for the purpose of levy and sale under said execution." As to the consideration of the notes, Will Summer testified that they were given by him for the purchase-price of certain fixtures, a stock of goods, furniture, and a piano, "and everything else that Mr. Hill owned at the filling-station and at his home." Mrs. Hill testified to the contrary, that the sole consideration of the notes was her interest in the land described in the bond for title from Strayhorn to her, which she transferred to Will Summer. Before the trial, the plaintiff in fi. fa. filed a petition in aid of the levy, alleging that the transfer of the bond for title by Will Summer to Fred Summer was made with intent to defraud the plaintiff as a creditor of Will Summer, and that such intention was known to Fred Summer. The claimant filed answer, denying the allegations as to fraud. The evidence as to this issue was circumstantial only.

In the brief filed by counsel for the plaintiff in error there is no insistence whatever on the general grounds of the motion for new trial, and these grounds will be treated as abandoned. Nor is it contended that the court erred in directing the verdict, except

for the special reason that the evidence was in conflict as to whether the notes executed by Will Summer to W. H. Hill, and on which the plaintiff's judgment was based, were given for the purchase-money of Mrs. Hill's interest in the land, or for other property purchased by Will Summer from her husband. The transfer of the bond for title as made to Will Summer by Mrs. Hill was absolute as to her interest in the property, containing no reservation as security for purchase-money. Both the assignment of error and the brief being limited to the one contention that the direction of the verdict was erroneous for the reason that there was a conflict in the evidence *as to the consideration of the notes,* no other question will be decided by this court. It appears from the record that there *was* a conflict in the evidence on the question of consideration, as contended by the plaintiff in error; but this fact alone does not require a reversal. Did the conflict relate to a material matter? It did not, for the reason that in this State there is no lien for purchase-money, and the notes were not secured in any manner. Code, § 67-1703; *Rounsaville* v. *Peek,* 108 *Ga.* 584 (34 S. E. 141); *Green* v. *Hall,* 151 *Ga.* 728 (108 S. E. 42). With respect to these particular notes, the only lien which the plaintiff had was the lien of the judgment based thereon, and he would not have been helped in the slightest degree by establishing that the notes were given for the purchase-money of Mrs. Hill's interest. Nor would the position of the claimant have been improved in any degree by establishing the contrary. "The mere fact that there are conflicts in the testimony does not render the direction of a verdict . . erroneous, when it appears that the conflicts are immaterial." *Sanders Manufacturing Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 (2) (35 S. E. 777); *Gillen* v. *Coconut Grove Bank & Trust Co.,* 172 *Ga.* 908 (159 S. E. 282). Upon application of this principle, the direction of the verdict and the refusal of a new trial were not erroneous for the sole reason urged.

*Judgment affirmed. All the Justices concur.*