## 32106.  BERGER *v.* GEORGIA POWER COMPANY.

Decided September 15, 1948.

*Saul Blau,* for plaintiff.

*Gilmer MacDougald, MacDougald, Troutman, Sams & Branch,* for defendant.

PARKER, J.  Edwin Berger, trading as B. & W. Liquor Store, sued Georgia Power Company on a check for $86.69, drawn by it to W. F. Dial and cashed by the plaintiff. The company defended on the ground that the indorsement on said check was a forgery. The plaintiff testified as follows:

"I own and operate the B. & W. Liquor Store. I cashed this check you show me on August 2, 1947. This check was made by the Georgia Power Company to W. F. Dial. This check marked Exhibit 'A' was brought into my store by a man in a Georgia Power Company uniform. I asked for his identification, and he showed me by papers in his wallet and an identification card of W. F. Dial made by the Georgia Power Company. I also checked the number on his cap, and it corresponded with the number on the check. He represented to me that he was W. F. Dial, I dealt with him as W. F. Dial, and as far as I know he was W. F. Dial. I gave him merchandise and money in return for the check, all to the value of $86.69. I deposited this check in the First National Bank of Atlanta, and on August 4, 1947, the bank called up, and told me that the Georgia Power Company had stopped payment on the check, and would not honor the check. As to whether I would recognize Dial, I don't know, it has been quite a while ago. I probably wouldn't recognize him. As to whether I talked to anyone about this, I talked to Mr. Mitchell at the Georgia Power Company, and he told me that the indorsement on the check was a forgery, and that the Georgia Power Company would not pay the check. That was after the check had come back from the First National Bank." The check was introduced in evidence.

W. F. Dial, for the defendant, testified as follows: "I did not receive the check marked Exhibit 'A', and did not cash it. I don't know who got the check or how he got it. I did not authorize anyone to pick it up. That check was meant to be paid on August 1, 1947. I was not in town on that date. I had left for Hiawassee on Thursday, July 31, and returned Saturday at 8 p. m. There is a night man on duty to pay these checks, but I did not go by to pick it up on Saturday. I did go by the garage Monday morning, and they couldn't find the check, and told me to come back in the afternoon. I came by in the afternoon and they told me they couldn't find it. That is not my signature on the back of that check. When I left town, I left my cap in my house in Atlanta. As far as I know it was there all the time I was gone. I did not give anyone permission to take it."

Thereupon the court directed a verdict for the defendant.

The plaintiff moved for a new trial on the general grounds, and on the ground that the court erred in directing the verdict. Error is assigned on the overruling of the plaintiff's motion for new trial.

"Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. Construing this section of the Code, our courts have held many times that "the mere fact that there are conflicts in the testimony does not render the direction of a verdict erroneous, when it appears that the conflicts are immaterial." *Summer* v. *Strayhorn,* 186 *Ga.* 755 (199 S. E. 108). See also *Sanders Mfg. Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 (35 S. E. 777); *Skinner* v. *Braswell,* 126 *Ga.* 761 (55 S. E. 914); *Stepp* v. *Stepp,* 195 *Ga.* 595 (25 S. E. 2d, 6); *Crawford* v. *Citizens & Southern Bank,* 20 *Ga. App.* 576 (93 S. E. 175); *Whitson* v. *Haniel-Clark & Son,* 30 *Ga. App.* 625 (118 S. E. 578); *Eason* v. *Joy Floral Co.,* 34 *Ga. App.* 501 (130 S. E. 352); *Veal* v. *Jenkins,* 58 *Ga. App.* 4 (197 S. E. 328).

"When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority." Code, § 14-223. There are no allegations in the petition, and no evidence offered by the plaintiff, showing any reason why the defendant is precluded from setting up the alleged forgery of the indorsement on the check. Therefore, if such indorsement was a forgery, it was wholly inoperative, and no right to enforce payment of the check was acquired by the plaintiff. Some of the cases applying this last Code section are *Georgia Railroad & Bkg. Co.* v. *Love and Good Will Society,* 85 *Ga.* 293 (11 S. E. 616); *Fourth National Bank of Macon* v. *Lattimore,* 168 *Ga.* 547 (148 S. E. 396); *First National Bank of Waycross* v. *Guaranty Life Ins. Co.,* 45 *Ga. App.* 289 (164 S. E. 212); *Buena Vista Loan &c. Bank* v. *Stockdale,* 56 *Ga. App.* 168 (192 S. E. 246).

No issue on the question of forgery was made by the testimony in the case. The plaintiff merely showed that he made a rea-

sonable effort to identify the person for whom he cashed the check, and that such effort apparently failed. The plaintiff did not testify that W. F. Dial, the payee of the check who was in the court, was the man for whom he cashed the check. On the other hand, Dial testified that he did not receive the check, and did not cash it, and did not know who got the check or how he got it; that he was not in town on the day the check was cashed; that the signature on the back of the check was not his; and that he did not give anyone permission to get his check.

Under the rules of law set out, we think that the verdict in favor of the defendant was demanded as a matter of law, and that it was properly directed. The plaintiff cites a number of cases holding that, where there are issues of fact for the jury to determine, it is erroneous to direct a verdict; and that very slight evidence is sufficient to take a case to the jury, especially where there is a plea of non est factum. We have considered all of the cases cited by the plaintiff, and do not think that they are applicable under the facts of this case. Treating the plea of forgery as a plea of non est factum as to the indorsement of the check, and assuming that the plaintiff made a prima facie case when the check was introduced in evidence without objection, his case was completely overcome when the payee of the check testified that it was not indorsed by him. The circumstances surrounding the cashing of the check, testified to by the plaintiff, did not connect the payee of the check with the transaction so as to make an issue of fact as to the indorsement for the jury to decide.

The court did not err in overruling the motion for new trial. *Judgment affirmed. Sutton, C. J., and Felton, J., concur.*