## 33430. CITIZENS & SOUTHERN NATIONAL BANK *v.* NEW YORK CASUALTY COMPANY.

DECIDED MAY 25, 1951.

*Moise, Post & Gardner, Hugh E. Wright,* for plaintiff in error. *Jones, Williams, Dorsey & Kane, Hugh M. Dorsey,* contra.

WORRILL, J. The New York Casualty Company, as assignee of the Standard Federal Savings & Loan Association of Atlanta, sued the Citizens & Southern National Bank to recover the amount of a check drawn by the Standard Federal on the defendant bank, and allegedly cashed by the defendant on a forged indorsement. On the trial of the case, the trial court directed a verdict for the plaintiff for the amount sued for, the amount of the check and interest. The defendants made a motion for a new trial on the general grounds which was amended by the addition of four special grounds, the first of which complained of the direction of the verdict. This motion was overruled, and the exception here is to that order.

The only grounds of exception argued by counsel for the plaintiff in error before this court are the general grounds and the first special ground complaining of the direction of the verdict. Under the view we take of this case, the ruling on the latter point is controlling.

The material facts of the case are not in dispute. Standard Federal is in the business of lending money generally for the purpose of financing the purchase of real estate. One Ewing, a reputable Atlanta realtor who was known to Standard Federal approached them for a loan of $7600 for the purpose, so he informed Standard Federal, of paying a portion of the purchase-price of a certain house and lot owned by a Mrs. Patterson. Pursuant to subsequent negotiations in which Ewing submitted to Standard Federal a forged warranty deed purportedly from Mrs. Patterson to him, Standard Federal proceeded to close the loan to Ewing, disbursing the $7600 to cover certain items of expense incurred in negotiating the loan and to Ewing in the form of a check made payable to the order of

Ewing and Mrs. Patterson, in the amount of $7420. This check was duly deposited to the account of Ewing Brothers Incorporated, in the First National Bank of Atlanta and by them forwarded to the defendant bank for payment. The defendant paid the check, charging it to Standard Federal's account. Thereafter Standard Federal discovered that the signature of Mrs. Patterson purportedly indorsed upon the check was in fact a forgery, and they notified the defendant, requesting that the defendant credit their account with the amount of the check. The defendant at first complied with this request, but later reversed the entry when the First National Bank denied liability on the check. The plaintiff paid Standard Federal on the forgery bond carried by it, and took an assignment of any cause of action Standard Federal might have had on the check and sued the defendant.

"Where one deposits money in a bank on general deposit, the bank immediately becomes the debtor of the depositor for the money deposited, and undertakes, impliedly, to pay that money either to the depositor or to some person to whom he directs it paid, and in order to discharge itself from this liability to the depositor, the bank must pay the money to the depositor or as directed by him. The liability cannot be discharged in any other way." *Atlanta National Bank* v. *Burke*, 81 *Ga.* 597, 599, 600 (7 S. E. 738); *Georgia Railroad & Banking Co.* v. *Love & Goodwill Society*, 85 *Ga.* 293 (11 S. E. 616); *Darien Bank* v. *Clifton*, 156 *Ga.* 65(1,a) (118 S. E. 641); *Moore* v. *Moultrie Banking Co.*, 39 *Ga. App.* 687(1) (148 S. E. 311).

"Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others." Code, § 14-412. The evidence in this case in no way shows that Ewing and Mrs. Patterson were partners or that Ewing had any authority to indorse her name on the check. On the contrary, Mrs. Patterson expressly testified that she knew nothing of the transaction and that Ewing had no such authority to indorse her name on the check. The evidence conclusively shows that the indorsement of her name was a forgery, and as such it was wholly ineffective to pass any title to or to confer any interest in the check. Code, § 14-223; *Buena Vista Loan*

*& Savings Bank* v. *Stockdale,* 56 *Ga. App.* 168(2) (192 S. E. 246).

Under the facts of this case it is immaterial that Standard Federal in issuing the check in question was lending money to Ewing and not to Mrs. Patterson. The evidence clearly shows that it was the intention of the Standard Federal's officers that Mrs. Patterson should receive the money represented by the check, for the whole purpose of the transaction was to enable Ewing to pay her the balance due her on the purchase-price of the property. Standard Federal would not have closed the loan except on the condition that such balance be paid. Under such facts the contention of the plaintiff in error that Standard Federal had no intention to make Mrs. Patterson a party to the check or that her indorsement was not necessary because she had no real interest in the funds thereof, is without merit.

This is simply a case where the bank has paid out the funds of the plaintiff's assignor on a forged indorsement. The rights of the parties are controlled by the general rules announced above, and the burden was on the defendant to show that the case did not come within that general rule. The defendant wholly failed to carry this burden, and the trial court did not err in directing the verdict for the plaintiff, nor in thereafter overruling the motion for a new trial complaining of that ruling.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*