38989. BARROW v. JAMES.

Decided September 6, 1961.

*Walter O. Allanson,* for plaintiff in error.

*Edwards, Bentley, Awtrey & Bartlett, Scott S. Edwards, Jr.,* contra.

Bell, Judge. The main thrust of the defendant's contention that the general demurrer was properly sustained is upon the principle that the petition shows that the plaintiff tried to ne-

gotiate a totally dark stairway, and that she stepped off onto the top step in the darkness and thus was not exercising ordinary care for her own safety.

The relevant portions of the petition read as follows: "6. Your petitioner shows that in this residence, all bedrooms are upstairs and that on the morning of January 14th, 1960, at approximately 7:30 a.m., and before it became daylight, the telephone, which was located downstairs, rang and your petitioner got up to answer the telephone so that the defendant would not be required to get out of bed; and, as she approached the top of the stairs from her bedroom, she reached for the light switch and at the same time stepped on the top step; and, due to the tread on the top step being loose and defective, the tread tilted, which threw your petitioner off balance and caused her to fall down the stairs and up against the wall at the landing. 7. Your petitioner shows that she did not know of the defect in this top step and such defect could not have been determined by her by an ordinary examination; but, only by a close personal examination of said step and the defendant had not informed her that said step tread was loose and defective."

The petition further charged that the defendant had knowledge of the defect.

Paragraphs 6 and 7 of the petition clearly reveal that the right of recovery is based upon the negligence involved in the allegation having to do with the loose and defective top step tread. The petition is not subject to the construction that it was due to the darkened condition of the stairway that the injury occurred. Upon proper proof of the allegations of the petition a jury question would be presented, and it was error for the trial court to sustain the general demurrer and dismiss the petition.

The cases cited by the defendant on negligence of persons walking in darkened or dimly-lit stairways such as *Hendricks v. Jones*, 28 Ga. App. 335 (111 SE 81) are neither pertinent nor controlling here. In those cases the danger could have been discovered by more light. Under the facts averred in the present petition, the alleged defect in the top step tread would not have been made apparent by light. Thus the degree of darkness present in this case as a matter of law is immaterial and cannot be

held in law to be determinative of the issue of liability. As Paragraph 7 of the petition states in part, "Such defect could not have been determined by her by an ordinary examination."

According to the facts alleged in the petition, the plaintiff was not, as a matter of law, contributorily negligent in stepping on the top tread of the stairway in the dark. The trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*