39914. BARROW v. JAMES.

Russell, Judge. 1. The petition in this case sets out a cause of action based on one act of negligence only: the failure of

a property owner to maintain his premises in a safe condition in that the top step of a flight of stairs contained a loose step which tilted when the plaintiff's weight was applied to it and threw her down the stairs. For the plaintiff to recover it was accordingly necessary for her to prove such negligence on the part of the defendant. *Barrow v. James,* 104 Ga. App. 345 (121 SE2d 700).

2. The testimony of a party litigant which is inconclusive and ambiguous must, even as against a directed verdict, be construed most strongly against her. *Farmers Peanut Co. v. Zimmerman &c. Co.,* 52 Ga. App. 265 (4) (183 SE 115). The ambiguity inherent in the plaintiff's testimony here is whether by the words "top step" she is referring to the landing step or to the first step down from the landing. However, the plaintiff, although testifying that she did not know what caused her to fall, said further: "I turned on the light and reached for something to hold to, to come down stairs and there was nothing to hold to, and I just tumbled down. . . The light switch was on the right-hand side of the wall and I reached with my right hand to turn on the lights, and I reached over with my left hand to catch the banister, something to hold to, to go down the steps which were narrow and short and steep, and there wasn't anything to hold on to, so I pitched forward and tumbled over. . . I would say there was nothing there to hold to was what caused me to lose my balance." Her testimony accordingly shows both that she did not take any step down from the upper landing prior to falling and that it was not the condition of the landing or steps but rather her own erroneous expectation of finding a handrail which caused her to fall. By this she disproved the only negligence alleged against the defendant. Other witnesses for the plaintiff who testified as to loose step treads identified the step as being, in one case "the first step off the landing" and in the other "one up near the top," probably the third step. Such testimony is insufficient since "the defective step must be identified with her fall." *McCrory Stores Corp. v. Ahern,* 65 Ga. App. 334, 337 (15 SE2d 797). Since the plaintiff's own testimony failed to show that she reached these steps, any defect there would not have been the proximate cause of her injuries.

3. One who is familiar with the premises cannot rely for recovery upon the negligence of the defendant in failing to correct

a patent defect where such party had equal means with the defendant of discovering it or equal knowledge of its existence. Specifically, it was held in *Reynolds v. Mion & Murray Co.*, 93 Ga. App. 37 (90 SE2d 593) that there could be no recovery where the plaintiff fell because she reached for a guardrail or banister in a theater balcony and became overbalanced, where from her seat in the balcony it must have been obvious that there was in fact no such guardrail installed. This plaintiff had been numerous times in the defendant's house and up and down the stirs on which she fell, and is equally chargeable with knowledge that there was no banister at the place where she testified that she reached out for it.

4. The general rule is that the plaintiff may recover only upon proof establishing the specific acts of negligence alleged in the petition. *Central of Ga. R. Co. v. Roberts*, 213 Ga. 135, 137 (97 SE2d 149). The plaintiff's testimony here disproved the negligence alleged by establishing that her fall was due to another cause, which, if it could be considered as being a part of the same cause of action so that the testimony in effect "amended" her petition (in which connection see *Harvey v. DeWeill*, 102 Ga. App. 394 (2), 116 SE2d 747), would avail her nothing since it showed at the same time a state of facts under which her own contributory negligence would bar her from recovery. Nor would negligence of the defendant in allowing treads on some of the steps to become loose and insecure create a jury question where the evidence totally failed to show that such negligence, if it existed, was a part of the proximate cause of the injuries. *Stapleton v. Stapleton*, 87 Ga. App. 417 (74 SE2d 116). It follows that the trial court did not err in directing a verdict in favor of the defendant. *Code Ann.* § 110-104; *Berger v. Georgia Power Co.*, 77 Ga. App. 672, 674 (49 SE2d 668).

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED FEBRUARY 21, 1963.

*Walter O. Allanson*, for plaintiff in error.

*Edwards, Bentley, Awtrey & Bartlett, Scott S. Edwards, Jr.*, contra.