## 41514. SPIVEY v. COMMERCIAL CREDIT EQUIPMENT CORPORATION.

HALL, Judge. This was a contract action for the balance due on the purchase price of a tobacco harvester. The petition alleged and the evidence showed an assignment to the plaintiff of a "Purchase Agreement" executed by "Kitchens Tractor Co., by /s/ Rubye T. Dormeney." *Held:*

1. This was sufficient allegation and proof of a transfer of the contract to the plaintiff, in the absence of specific denial of the transfer under oath. *Sheffield v. Johnson County Savings Bank,* 2 Ga. App. 221, 223 (58 SE 386); *Cedar Rapids Nat. Bank v. Beckham,* 6 Ga. App. 571 (65 SE 359); *Ruby v. Boyett,* 19 Ga. App. 516 (91 SE 939); *Home Finance Co. v. United Motor Sales,* 91 Ga. App. 679 (86 SE2d 659).

2. The court was authorized by the evidence to direct a verdict for the principal amount sued for. See *Bullard v. Bullard,* 214 Ga. 122, 124 (103 SE2d 570); *Farmers Peanut Co. v. Zimmerman-Alderson Carr Co.,* 52 Ga. App. 265, 267 (183 SE 115); *Barrow v. James,* 107 Ga. App. 377, 378 (130 SE2d 352).

3. However, the evidence did not authorize a verdict for attorney's fees. Though the plaintiff incorporated in its petition a notice to the defendant to produce the written notice required by statute (*Code Ann.* § 20-506) to enforce contract provisions for attorney's fees allegedly given the defendant, the record does not show that the notice was introduced in evidence or that the plaintiff procured a peremptory order of the court for the production of this evidence at the trial. *Cunningham v. Avakian,* 187 Ga. 575 (1 SE2d 433) ; *Reserve Life Ins. Co. v. Gay,* 96 Ga. App. 601, 603 (101 SE2d 158), reversed on other grounds, 214 Ga. 2 (102 SE2d 492).

Since the evidence supported the verdict for the principal amount sued for but did not support the verdict for attorney's fees, the judgment overruling the motion for new trial will be affirmed on the condition that the award of attorney's fees of $178.66 be written off by the plaintiff before the remittitur of this court is made the judgment of the trial court.

The trial court did not err in directing a verdict for the principal amount sued for, but erred in directing a verdict for attorney's fees. This error will become harmless, however, upon compliance with the condition of the judgment of this court.

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed on condition; otherwise reversed. Bell, P. J., and Frankum, J., concur.*

Submitted September 14, 1965—Decided September 21, 1965.

*Sumner & Boatright, J. Laddie Boatright,* for plaintiff in error.

*George E. Maddox,* contra.